## COMMONWEALTH *vs.* GEORGE V. BRADLEY.

In an indictment under the Rev. Sts, c. 130, § 2, for continuing to cohabit in this state with a second wife, the defendant having a former wife living, it is a sufficient statement of the time when the offence was committed, to allege, that the

second marriage was on a certain day, and that the defendant "afterwards did cohabit and continue to cohabit with said S. J. at L., in said county, for a long space of time, to wit, for the space of six months."

THE defendant was tried in the court of common pleas, before *Mellen*, J., and convicted, on an indictment under the Rev. Sts. c. 130, § 2, charging him with the offence of continuing to cohabit in this state with a second wife, having a former wife living. The indictment alleged, that the defendant, on the 1st of July, 1836, was married in New Hampshire to Deborah Jane Evans; that, on the 9th of January, 1846, that marriage still subsisting, he was married in Connecticut to Sarah Jane M. Smith; and that he "afterwards did cohabit and continue to cohabit with said Sarah Jane at Lynn, &c., for a long space of time, to wit, for the space of six months, his said former wife being then living."

The defendant moved in arrest of judgment, on the ground, that the indictment contained no sufficient allegation of the time when the offence therein charged was committed. This motion was overruled, and the defendant excepted.

*O. P. Lord*, for the defendant.

*A. Huntington*, district attorney, for the commonwealth.

SHAW, C. J. It is not strictly correct to say, as in this motion in arrest of judgment, that there is no allegation of the time when the offence was committed, although it is true that no day is averred.

The offence, as defined by statute, consists in continuing to cohabit with a second wife or husband, in this state. It is not a single act, but a practice, or habit, which is punishable; and whatever may be the rule, when one specific act is alleged, we are of opinion, that under this statute, the time is sufficiently charged. The indictment alleges a second marriage on a certain day, and then avers that afterwards, that is to say, after that day, and previously to the finding of the indictment, the defendant did continue to cohabit with such second wife in this state. Had a specified day been named, with an averment that on divers days, &c., it would have been competent to offer the same evidence, as under this indictment, the day

not being material, and a judgment, either of acquittal or conviction, would have been equally available to secure the defendant against any future prosecution.

*Exceptions overruled, and judgment to be entered on the verdict.*